UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**FRANCISCO MARTIN,**

    **Plaintiff,**

vs.                                                           **Case No.: 8:12-CV-656-T-30EAJ**

**ONE BRONZE ROD,**
**ONE CHEST,**
**(including its contents and associated artifacts),**
**ONE CHEST,**
**(including its contents and associated artifacts), and**
**ONE CHEST,**
**(including its contents and associated artifacts).**

    **Defendants** *in rem.*
_____/

## REPORT AND RECOMMENDATION:

Before the Court is Plaintiff Francisco Martin's ("Plaintiff's") **Plaintiff's Motion for Judgment on the Pleadings and Supporting Memorandum**. (Dkt. 39) This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla. For the reasons that follow, the Court recommends granting in part and denying in part Plaintiff's Motion for Judgment on the Pleadings (Dkt. 39).

### Background

On April 13, 2013, Plaintiff filed a Verified Amended Complaint In Admiralty In Rem (Dkt. 5) against Defendants One Bronze Rod ("Defendant TX 1"), One Chest, including its contents and associated artifacts, ("Defendant TX 3(1)"), One Chest, including its contents and associated

1

artifacts, ("Defendant TX 3(2)"), and One Chest, including its contents and associated artifacts ("Defendant TX 3(3)").  Plaintiff also filed its Amended Motion for an Order Directing the Clerk to Issue a Warrant of Arrest In Rem to the U.S. Marshal (Dkt. 6), which this Court granted in part, directing the Clerk to issue a warrant of arrest <u>in</u> <u>rem</u> to the U.S. Marshal for Defendant TX 1. (Dkt. 10).

Now, in Plaintiff's Motion for Judgment on the Pleadings and Supporting Memorandum (Dkt. 39), Plaintiff seeks a declaratory judgment that Defendant TX 1 - a bronze rod - is subject to the United States and general maritime laws governing piracy, salvage, or finds; was property belonging to or taken by the Gasparilla Pirates who were operating a vessel fitted out or held for the purpose of committing piratical acts; and that no government, foreign, federal, state, or local, or any person had the authority to grant, condition, or deny the right of Plaintiff to search for and arrest Defendant TX 1, or to interfere with such search by Plaintiff.  Plaintiff also seeks this Court to condemn Defendant TX 1, direct the U.S. marshal to auction it, and to distribute the proceeds to Plaintiff and the United States in a fair and equitable manner pursuant to 33 U.S.C § 384 and the general maritime law governing piratical forfeitures; in the alternative, Plaintiff seeks this Court to award title to Defendant TX 1 as compensation for his salvage services.

<u>Discussion</u>

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Rule 12(c), Fed. R. Civ. P.  Judgement on the pleadings is appropriate where the moving party establishes that there are no material facts in dispute; the Court will "accept the facts in the complaint as true and . . . view them in the light most favorable to the non-moving party." <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998).  <u>See also</u>

Underwriters at Lloyds v. FedEx Freight System, Inc., No. 8:07-CV-212-T-EAJ, 2008 WL 763800, at *3 (M.D. Fla. Mar. 19, 2008).

Plaintiff seeks either title to or proceeds from the sale of Defendant TX 1 under 33 U.S.C § 384 and the general maritime law governing piratical forfeitures, the common law of finds, or the law of salvage. Section 384 provides for the condemnation of a captured piratical vessel brought into any United States port. However, the Court has already found that the Amended Complaint does not show a sufficient nexus to piratical cargo to support a warrant for arrest in rem. (Dkt. 10 at 5) Neither do the factual allegations show a sufficient nexus to piratical cargo to support Plaintiff's motion for judgment on the pleadings under that theory.

Under the common law doctrine of finds, the finder may acquire title to the property found, rather than a salvage award. JTR Enterprises, LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts and Quartz Crystals, 922 F. Supp. 2d 1326, 1334 (S.D. Fla. 2013). A finder must prove that the property in question is either unowned or abandoned. Id. (internal quotation marks and citation omitted). However, the law of finds is generally disfavored over salvage rights. R.M.S. Titanic, Inc. v. The Wrecked & Abandoned Vessel, 435 F.3d 521, 532 (4th Cir. 2006) ("Titanic III")); Odyssey Marine Exploration, Inc. v. Unidentified, Wrecked, & Abandoned Sailing Vessel, 727 F. Supp. 2d 1341, 1344 (M.D. Fla. 2010). A presumption exists "that owners do not give up title to ships and cargo in marine peril, even if cargo is swept overboard or a crew has to leave its vessel on the open water." Int'l Aircraft Recovery, LLC v. Unidentified, Wrecked, & Abandoned Aircraft, 218 F.3d 1255, 1258 (11th Cir. 2000)  In this case, the Court has already indicated that Plaintiff has not shown that Defendant TX 1 is unowned or abandoned. (Dkt. 10 at 6 n.5)

Although Plaintiff's motion cannot be granted either under Section 384 or the law of finds, the amended complaint does support the alternate claim of salvage. "Salvage is the compensation allowed to persons by whose assistance a ship or her cargo has been saved . . . from impending peril on the sea, or in recovering such property from actual loss." The Blackwall, 77 U.S. (10 Wall.) 1, 11 (1869). A salvage claim requires proof of three elements: first, proof of "a maritime peril from which the ship or other property could not have been rescued without the salvor's assistance;" second, a voluntary act by the salvor, who was under no official duty or other legal duty to assist the owner; and third, success, full or partial, in saving, or in helping to save the property at risk. Klein v. Unidentified Wrecked & Abandoned Sailing Vessel, 758 F.2d 1511, 1515 (11th Cir. 1985) (citations omitted). See also The Sabine, 101 U.S. 384, 384 (1879).

To constitute marine peril, "[t]he property must be in danger, either presently or reasonably to be apprehended." Treasure Salvors, Inc. v. The Unidentified Wrecked & Abandoned Sailing Vessel, 569 F.2d 330, 337 n.13 (5th Cir. 1978) ("Treasure Salvors I") (citations omitted). The danger required for salvage does not necessarily have to be imminent or absolute. Id. Indeed, "[m]arine peril includes more than the threat of storm, fire, or piracy to a vessel in navigation." Id. at 337. But "the threat must be something more than the inevitable deterioration that any vessel left untended would suffer." Faneuil Advisors, Inc. v. O/S Sea Hawk, 50 F.3d 88, 93 (1st Cir. 1995) (citation omitted). Salvage is "demandable of right for vessels saved from pirates, or from the enemy." Talbot v. Seeman, 5 U.S. (1 Cranch) 1, 28 (1801).

In this case, Plaintiff's Verified Amended Complaint alleges that "[a]pproximately 15% of Defendant TX 1 was buried in the bottom sediments of the river. The remaining portion of Defendant TX 1 was situated in the water column[,]" and that "Defendant TX 1 was partially buried

4

in land beneath the tidal and navigable waters of the Peace River basin in DeSoto County, Florida." (Dkt. 5 at 16-17) In his motion for judgment on the pleadings, Plaintiff asserts that Defendant TX 1, a bronze rod, was in peril due both to the natural elements, such as corrosion or oxidation, and to the risk of being struck by vessels. (Dkt. 39 at 14) This is sufficient to satisfy the requirements of marine peril.

Satisfying the second and third elements, in February 2005, Plaintiff undertook to remove, and successfully removed, the bronze rod from the soil and water column, then transferred a portion of the rod to this Court for "symbolic arrest" of the rod in April 2012. (Dkts. 5 at 16-17, 8) Pursuant to this Court's April 30, 2012 Order directing issuance of a warrant of arrest (Dkt. 10), the U.S. Marshal took custody of TX 1 and surrendered it to the Clerk's office pending further order. (Dkt. 16) Plaintiff satisfied the three requirements for a salvage claim by endeavoring to and successfully removing Defendant TX 1 from marine peril.

Regarding a remedy for their services, "[s]alvors, under the maritime law, have a lien upon the property saved, which enables them to maintain a suit in rem against the ship or cargo, or both where both are saved in whole or in part." The Sabine, 101 U.S. at 386. As a salvor, Plaintiff properly undertook this suit in rem against Defendant TX 1.

A salvage award is not merely payment in quantum meruit, but also a reward to induce efforts to save life and property at sea. Id. at 384; The Blackwall, 77 U.S. at 14. The salvage award is calculated by consideration of the nature, value, and duration of the service rendered, as well as the risk involved in rendering the salvage service. The Blackwall, 77 U.S. at 12, 14. Salvors do not generally gain title to the property salvaged. Int'l Aircraft Recovery, 218 F.3d at 1258 (citations omitted). However, in certain circumstances, "[s]alvage awards may include the entire derelict

property." Treasure Salvors I, 569 F.2d at 337. See also Odyssey, 727 F. Supp. 2d at 1344 ("[I]f the salvage award exceeds the value of the salvaged property, the salvor receives title to the property."(citing 3A Benedict on Admiralty § 228)); Brady v. The African Queen, 179 F. Supp. 321, 324 (E.D. Va. 1960) (finding it unnecessary to decide between find or salvage, since the value of the service provided exceeded the value of the property; explaining that libellants "would, in any event, be entitled to receive the entire proceeds of any sale, less court costs and other outstanding claims.").

Here, in his efforts to salvage Defendant TX 1, Plaintiff alleges that he conducted extensive academic and field research and expended substantial money, time, and effort to locate, survey, photograph, and recover Defendant TX 1. This research, effort, and recovery spanned the time between 2003 and 2005. (Dkt. 5 at 5, 16) Plaintiff also alleges that he sustained injuries to his person and incurred risk to his health in this endeavor. Considering the nature and duration of his undertakings and the service performed, along with the risk to Plaintiff by engaging in recovery of Defendant TX 1, it is appropriate to award Plaintiff title to Defendant TX 1.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Judgment on the Pleadings and Supporting Memorandum (Dkt. 39) be **GRANTED in part** and **DENIED in part**:

(A) Plaintiff's request for declaratory judgment be **GRANTED** to the extent that the Court declares that Defendant TX 1 is subject to the United States and maritime laws governing salvage;

(B) Plaintiff's request to condemn Defendant TX 1, direct the U.S. marshal to auction it, and to distribute the proceeds to Plaintiff and

        the United States in a fair and equitable manner pursuant to 33 U.S.C § 384 and the general maritime law governing piratical forfeitures, be **DENIED**;

(C)    Plaintiff's alternative request to award title to Defendant TX 1 as compensation for Plaintiff's salvage services be **GRANTED**.

DATE: January 14, 2014

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge